# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY J. SULLIVAN, | ) |
|       Plaintiff, | ) |
| vs. | )    Case No. CIV-17-862-M |
| GREEN BAY PACKAGING, INC., A Foreign For Profit Corporation, | ) |
|       Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed September 10, 2017. On September 28, 2017, defendant filed its response. Plaintiff has filed no reply. Based upon the parties' submissions, the Court makes its determination.

On May 11, 2017, plaintiff filed the instant action in the District Court of Grady County, State of Oklahoma, alleging claims for violation of the standards for workplace drug and alcohol testing, wrongful termination, and breach of contract. On May 12, 2017, plaintiff served defendant with the original Summons and Petition in this matter. On May 31, 2017, defendant filed its Answer and Affirmative Defenses. On June 30, 2017, defendant sent discovery to plaintiff seeking information regarding plaintiff's employment since termination from defendant. On August 2, 2017, defendant received plaintiff's responses to discovery, which stated that plaintiff had not been employed since his termination. On August 11, 2017, defendant filed its Notice of Removal in this case, alleging that this Court has diversity jurisdiction.[1]

Plaintiff now moves this Court to remand this action back to the District Court of Grady County, State of Oklahoma. Specifically, plaintiff contends that defendant's notice of removal

---

[1] The parties agree that this Court has diversity jurisdiction.

was untimely, as it was filed more than thirty (30) days after defendant was served with the Petition which provided sufficient notice to defendant that plaintiff's claims were removable. Defendant, on the other hand, asserts that its notice of removal was timely. Specifically, defendant asserts that the Petition lacked sufficient facts to clearly demonstrate the amount in controversy exceeded $75,000.00 and discovery was, therefore, necessary before action on removal was appropriate.

28 U.S.C. § 1446(b) provides, in pertinent part:

> **(b) Requirements; generally. – (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> \* \* \*
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3). Further, the Tenth Circuit has held that the removal period starts "only after the defendant is able to ascertain intelligently that the requisites of removability are present." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). Additionally, the Tenth Circuit has found "that 'ascertained' as used in section 1446(b) means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998) (internal citation omitted). Finally, the Tenth Circuit has held:

> where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on a defendant seeking removal to demonstrate that this jurisdictional prerequisite is satisfied by "affirmatively establish[ing]" in the petition that the amount in controversy exceeds the statutory requirement.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (internal citation omitted).

Having carefully reviewed plaintiff's Petition and the parties' submissions, the Court finds that defendant's Notice of Removal was timely. Specifically, the Court finds that the Petition lacked sufficient facts to clearly demonstrate the amount in controversy exceeded $75,000 and that defendant would not have been able to ascertain intelligently that the requisites of removability were present. The Court further finds that it was only after defendant received plaintiff's discovery responses that defendant could ascertain that this case was one which was removable.

Accordingly, the Court DENIES plaintiff's Motion to Remand [docket no. 4].

**IT IS SO ORDERED this 17th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE